UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                            Plaintiff,<br><br>v.<br><br>ELEANOR LECLAIR BALLESTER,<br><br>                            Defendant. | Case No.: 24cv2113-LL-JLB<br><br>**ORDER DISMISSING CASE** |

    On November 8, 2024, Defendant Eleanor Leclair Ballester, filed a notice of removal of a pro se civil complaint (with full payment of the filing fees) seeking to remove a pending state criminal case in which she is the defendant. ECF No. 1. Ms. Ballester states in her purported Notice of Removal that she "declare[s] defendant Eleanor Leclair Ballester has been denied the rights to a speedy trial, equal protection for all, liberty, freedom from excessive bail and cruel and unusual punishment." *Id.* at 1. Pending state criminal prosecutions may be removed to federal court only under very "narrow and limited circumstances." *El v. L.A. Police Dep't*, 2016 WL 5419402, at *2 (C.D. Cal. Sept. 27, 2016). None of those circumstances apply here. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are of limited jurisdiction.").

    Defendant Ballester cannot remove under 28 U.S.C. §§ 1442 or 1442a because she

is not a federal office or member of the armed forces being criminally prosecuted in state court for an official act. Defendant Ballester also fails to justify removal under 28 U.S.C. § 1443, which permits it only in the exceedingly rare case where a defendant "seeks to – and, because of state law- cannot assert a defense to the prosecution based on federal laws protection equal civil rights." *El*, 2016 WL 5419402, at *2; *see People v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). There are no facts alleged to allow Defendant Ballester to remove a pending state criminal case and make it a federal civil action.

Additionally, Ballester is currently in custody as reflected by the San Diego County Sheriff's Department website in case number SCD302834 in San Diego Superior Court, which is the same case she seeks to challenge in the current action https://apps.sdsheriff.net/wij/wijDetail.aspx?BookNum=%2fTYxVQ331oWORV%2b2%2b%2bzkNzbWUClXCt1J%2bwUr6CPtOBc%3d (last visited December 10, 2024). A court may consider sua sponte whether *Younger* abstention should be invoked at any point in the litigation. *Younger v. Harris*, 401 U.S. 37 (1971); *see also Wilhelm v. Rotman*, 68 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"); *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000); *Washington v. L.A. Cnty. Sheriff's Dept.*, 833 F.3d 1048, 1058 (9th Cir. 2016) (holding that "a dismissal due to *Younger* abstention [is] similar to a dismissal under Rule 12(b)(6) for lack of subject-matter jurisdiction.").

In addition to her deficient Notice of Removal, the Court finds that it is barred from consideration of Ballester's claims by the abstention doctrine announced in *Younger*. 401 U.S. 37.[1] *See Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention

---

[1] Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id.* at 45–46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.") These concerns are particularly important in the habeas context where a state prisoner's

applies, a court may not retain jurisdiction but should dismiss the action.) Accordingly, the Court must abstain from interfering in Ballester's ongoing state criminal case. *Younger*, 401 U.S. at 45–46. Additionally, allowing leave to amend under the circumstances would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Schmier v. U.S. Ct. of Appeals for the Ninth Cir.*, 279 F.3d 817, 824 (9th Cir. 2002).

For the foregoing reasons, the Court **DISMISSES** this civil action based on Ballester's improper removal and as barred by *Younger*. The Court further **DENIES AS MOOT** any other pending requests filed by Ballester and directs the Clerk to close the file. **IT IS SO ORDERED.**

Dated:  December 11, 2024

_____
Honorable Linda Lopez
United States District Judge

---

conviction may be reversed on appeal, thereby rendering the federal issue moot. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983). Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001).